OPINION.
{¶ 1} Respondents-appellants William Burga, Athena Godet-Calogeras, Dale Miller, Robert Hagan, and Ohio Commission for Affordable Prescription Drugs (collectively "the Commission") appeal the March 5, 2003 Judgment Entry entered by the Stark County Court of Common Pleas, finding certain part-petitions invalid in their entirety. Protestors-appellees are Keith Brooks and James M. Wright.
 STATEMENT OF THE FACTS AND CASE {¶ 2} The Stark County Board of Elections received various initiative petitions from the Ohio Secretary of State for purposes of determining the validity of various signatures on the petitions as required by R.C. 3519.15. The initiative petitions proposed legislation known as the "Ohio Prescription Drug Fair Pricing Act." The Stark County Board of Elections reviewed the part-petitions and submitted a report to the Ohio Secretary of State, indicating the sufficiency or insufficiency of the signatures and indicating whether or not each part-petition was properly verified.
 {¶ 3} On February 3, 2003, appellees filed a written protest with the Stark County Board of Elections. Pursuant to R.C. 3519.16, the Board filed a petition with the Stark County Court of Common Pleas to establish the sufficiency of the part-petitions being protested. Appellees filed a Civ.R. 24 motion to intervene, which the trial court granted via Judgment Entry filed February 11, 2003. Subsequently, the Commission filed a motion to intervene as respondents in the proceedings. The trial court, likewise, granted their motion. The trial court conducted a hearing on the Board's petition on February 26, 2003. At the hearing, the parties presented the trial court with stipulated evidence. Via Judgment Entry filed March 5, 2003, the trial court found five of the part-petitions at issue to be invalid in their entirety.[1]
 {¶ 4} It is from this judgment entry the Commission appeals, raising the following assignments of error:
 {¶ 5} "I. The trial court erred in invalidating certain part-petitions on the basis of the name of the payor set forth in the compensation statement on such petitions.
 {¶ 6} "II. The trial court erred in invalidating certain part-petitions on the basis of the address of the payor set forth in the compensation statement of such petitions.
 {¶ 7} "III. The trial court erred in invalidating part-petition 2466 on the basis that the compensation was blank.
 {¶ 8} "IV. The trial court erred in finding that the statutory requirement or a circulator's compensation statement on a state initiative petition is valid."
 I, II, III, IV {¶ 9} The Commission raises a number of arguments within each assignment of error. At the core of these arguments is whether the trial court properly interpreted the protest statutes.
 {¶ 10} R.C. 3519.16 sets forth the mechanism by which an elector may challenge the validity of a part-petition. That section reads:
 {¶ 11} "If the circulator of any part-petition, the committee interested therein, or any elector files with the board of elections a protest against the board's findings made pursuant to section 3519.15 of the Revised Code, then the board shall proceed to establish the sufficiency or insufficiency of the signatures and of the verification thereof in an action before the court of common pleas in the county. Such action must be brought within three days after the protest has been filed, and the case shall be heard forthwith by a judge of such court whose decision shall be certified to the board."
 {¶ 12} R.C. 3519.15 provides:
 {¶ 13} Whenever any initiative or referendum petition has been filed with the secretary of state, he shall forthwith separate the part-petitions by counties and transmit such part-petitions to the boards of elections in the respective counties. The several boards shall proceed at once to ascertain whether each part-petition is properly verified, and whether the names on each part-petition are on the registration lists of such county, or whether the persons whose names appear on each part-petition are eligible to vote in such county, and to determine any repetition or duplication of signatures, the number of illegal signatures, and the omission of any necessary details required by law. The boards shall make note opposite such signatures and submit a report to the secretary of state indicating the sufficiency or insufficiency of such signatures and indicating whether or not each part-petition is properly verified, eliminating, for the purpose of such report, all signatures on any part-petition that are not properly verified.
 {¶ 14} Appellees challenged the validity of the part-petitions based upon the circulator's compensation statements found at the end of the part-petition. The trial court found the part-petitions were inadequate and/or false with respect to the statutorily mandated disclosure of information about the identity of persons who paid the circulators to obtain signatures as required by R.C. 3519.06.[2] The trial court concluded, because the information was "false in any respect" and the statement required by R.C. 3519.05 was "not properly filled out," the part-petitions could not be properly verified. The trial court implicitly found the board had failed to establish the sufficiency of the signatures and of the verification thereof as required by R.C. 3519.16. We do not interpret R.C. 3519.16 to require verification of the circulator's statement. R.C. 3519.16 reads, "The Board shall proceed to establish the sufficiency or insufficiency of the signatures and of the verification thereof." (Emphasis added). "Verification thereof" refers to the verification of the signatures, not the circulator's statement. R.C.3519.16 does not provide a mechanism to protest the circulator's statement.
 {¶ 15} Because the trial court invalidated the part-petition based upon an alleged impropriety beyond the scope of a R.C. 3519.16 protest hearing, we reverse its decision.
 {¶ 16} The judgment of the Stark County Court of Common Pleas is reversed.
Hoffman, P.J., Farmer, J. and Boggins, J. concur.
[1] The trial court filed a Nunc Pro Tunc Judgment Entry on March 6, 2003, to correct a wrong name.
[2] R.C. 3519.06 provides:
"No initiative or referendum part-petition is properly verified if it appears on the face thereof, or is made to appear by satisfactory evidence:
"(A) That the statement required by section 3519.05 of the Revised Code is not properly filled out;
"(B) That the statement is not properly signed;
"(C) That the statement is altered by erasure, interlineation, or otherwise;
"(D) That the statement is false in any respect;
"(E) That any one person has affixed more than one signature thereto."
R.C. 3519.05, which contains the form to be used for initiative petitions, requires all part-petitions to contain the following with respect to the circulator's compensation:
"In consideration for services in soliciting signatures to this petition, the solicitor has received or expects to receive __________________ from ____________________ (Whose address is) ______________. Before any elector signs the part-petition, the solicitor shall completely fill in the above blanks if the solicitor has received or will receive any consideration, and if the solicitor has not received and will not receive any consideration, the solicitor shall insert `nothing'."